**SHI GUANG DONG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 04–2035–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan; Ronald W. Waterstreet, Assistant United States Attorney, Detroit, Michigan, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Guang Shi Dong petitions for review of the March 2004 order of the Board of Immigration Appeals ("BIA") dismissing his appeal from the order of an immigration judge ("IJ") denying his application for asylum and withholding of removal. Familiarity by the parties with the facts and the procedural history of the case is presumed.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004).

■ As a preliminary matter, Dong correctly contends that the IJ improperly found that his fear of future persecution on the basis of China's family planning policies was rebutted by his wife's sterilization. The BIA has held that, given the continuing nature of the persecution encompassed by forced sterilization, the passage of time since the sterilization of an asylum applicant's spouse and the lack of enforcement of coercive family planning policies during that period does not constitute a fundamental change in circumstances. *See In re Y–T–L–,* 23 I. & N. Dec. 601, 605–07, 2003 WL 21206539 (BIA 2003); *cf. Chen v. Dep't of Justice,* 426 F.3d 104, 112 (2d Cir.2005) (citing *Y–T–L–).* The IJ's denial of Dong's application for asylum and withholding of removal nonetheless stands, however, on the IJ's adverse credibility finding. *See Cao He Lin v. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005) (noting that petitions for review should be denied where the BIA or IJ relied on alternative grounds, one of which is sustainable).

■ In this case, the record supported the IJ's finding that there were material discrepancies between Dong's testimony at his two hearings and his asylum applications, including discrepancies in the dates of his wife's sterilization, the gender of his children, the alleged demolition of his house, and the amount of the fine he paid. Dong was given the opportunity, at his hearing, to explain the discrepancies as to the gender of his children and the amount of his fine. As to the gender of his children, his mere statement that he never claimed to have a daughter does not automatically create a basis to believe that his applications must have been mistranslated, especially given that he does not challenge the correctness of the rest of the applications. As to the amount of the fine, Dong's argument is speculative that the IJ's adverse credibility finding was improper because he would not have been believed had he told the truth. Further, the IJ reasonably concluded that Dong's

applications should have included mention of the demolition of his home if, as he alleged in his testimony, the demolition was in retaliation for his violation of the family planning policies. Finally, the inconsistency concerning the sterilization date of Dong's wife was not insubstantial. Although a reasonable adjudicator might have accepted Dong's explanations for these inconsistencies, neither the IJ nor BIA were compelled to make that finding given the extensive inconsistencies in Dong's testimony and submissions. *See Zhou Yun Zhang*, 386 F.3d. at 74. Thus, the IJ's denial of Dong's application based on an adverse credibility finding was amply supported by the record.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.